Stephen D. Dilworth, Admr., v. Carter and Hill, Admrs.

1. Probate court: jurisdiction after final settlement.—The Probate Court has no jurisdiction, after the death of the administrator, to enforce against his personal representative a decree rendered against the administrator on final settlement.

2. Statute of limitations: decree in probate court bound by.—The Statute of Limitations will run against a decree rendered in the Probate Court in favor of a distributee against the administrator, on final settlement.

APPEAL from the Probate Court of Monroe county. Hon. W. A. Tucker, judge.

*Sale* and *Phelan*, for appellant.

*Davis, Hurlburt* and *Sims*, for appellee.

HANDY, J., delivered the opinion of the court.

This was a petition in the Probate Court of Monroe county, stating that in 1845, a decree was rendered in that court in favor of the petitioner's intestate, as a distributee of the estate of George Dilworth, deceased, against Richard Dilworth, his administrator, made upon final settlement; that Richard Dilworth died, leaving said distributee's share unpaid; and praying, that the appellant's administrators be decreed to pay the same. The petition was filed at September term, 1856.

The appellant filed a demurrer to the petition, which was overruled; and he then answered, setting up the Statute of Limitations as a defence; and on the hearing, the court decreed in favor of the petitioner.

We are of opinion that the court erred, both in not sustaining the demurrer to the petition, and in not holding the defence good under the Statute of Limitations.

Upon the final settlement of Richard Dilworth, as administrator of George Dilworth, and especially after his death, all jurisdiction of the court to enforce the payment of the distributive share of the appellee's intestate, ceased, and the claim became a mere personal demand against Richard Dilworth, which could have been enforced only in a court of law. And we know of no principle upon which the Probate Court would have had power to revive the decree against his administrator, and order him to pay it.

But if there had been any such jurisdiction, the remedy is clearly barred by the Statute of Limitations, which would operate upon it by analogy to the rule that would have barred the claim at law.

The decree must be reversed, and the petition dismissed.